E. B. Wilhoit, J. R. Botts, for appellant. R. D. Davis, for appellee.

---

### J. C. ELROD v. ISHAM HENDERSON, ET AL.

**Street Improvement—Action to Collect for—Answer.**

An answer to a petition to collect for a street improvement is not sufficient when it fails to state in what particulars the materials used were not such as were required by the contract.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 19, 1877.

OPINION BY JUDGE COFER:

The appellees not only alleged that the special ordinance for the improvement of Bank street was passed by each board of the general

council, and approved by the mayor, but they stated in detail the manner of its passage, showing a compliance with every requisite to a valid ordinance.

In response to those allegations the appellants answered, denying that the alleged ordinance was duly or legally passed by either board of the council, and also denying that it was a legal or valid ordinance.

We have so recently discussed pleadings in all respects equal to this that we need do no more than to refer to the opinion in *Preston v. Roberts,* decided at this term.

The special ordinance directed the street to be improved with macadam pavement, and referred to a general ordinance concerning the improvement of streets for certain specifications of the manner of making the improvement. The appellants denied that that ordinance was duly or legally passed. It is not at all material whether it was passed or not. *Dulaney v. Bowman,* 8 Ky. Opin. 592. They denied that the so-called Bank street was, or ever had been, a public street or public property. But that point it not now insisted upon. They denied that the contract was legal or valid. This was no more than a demurrer to the petition. It raised no issue of fact and is no more than the pleaders' opinion as to the law of the case.

They denied that the materials of which the work was comprised were such as were required by the contract, and averred they were of a kind and quality greatly inferior to that required. But they did not deny the allegation in the petition that the work had been regularly accepted by the proper authorities of the city, nor aver that its acceptance had been procured by fraud or collusion. In the absence of such averments the acceptance of the works is conclusive.

But if such were not the case the answer is bad on this point, because it does not state in what particular or particulars the material was not such as was required by the contract. The evidence in this case illustrates the propriety of this rule. Under an averment that the materials were not of the kind required, but were of a kind and quality much inferior to that stipulated for, a large volume of evidence was taken to prove that the broken rock was larger and the paving stones of the gutters were smaller than was required or permitted by the terms of the contract. The kind and quality of the stones is one thing and their size is quite another.

They denied that the property of all, or any of them, had been benefited by the improvement as much as the cost of the work assessed against them respectively. This constitutes no defense. Their

32

lots were on or near to the street, and were presumed to have been benefited, and that they were benefited is not denied. It is merely denied that they had been benefited to the extent of the assessment.

They denied that the apportionment of the cost of the work had been legally or properly made. Again we have no fact alleged; simply the opinion of the pleader on a question of law. Why not legally or properly made? No facts sustaining the conclusion are stated and nothing on the face of the apportionment has been pointed out which shows that it was illegal or improper.

They alleged that the contiguous territory had not been laid out or defined into squares by principal streets.

This embraces all that was contained in the original answer. An amendment was tendered, in which it was alleged that the stone used was not hard limestone as required by the contract, and that the broken stone used to macadamize the street was not broken as small as was required. But that amendment was objected to, and the objection does not appear to have been acted on, and the amendment was never filed.

The special ordinance provided that the carriageway of the street should be improved by paving it with macadam pavement according to the provisions of a general ordinance approved May 5, 1870, etc., entitled "General ordinance concerning the improvement of streets." That ordinance provides for two kinds of macadam pavements, one of which is therein styled macadam pavement proper, and the other Telford macadam; and counsel insist that inasmuch as the special ordinance did not declare whether Bank street should be improved with macadam pavement proper or Telford macadam, the contract pursues the ordinance in this respect; the contractor was left to decide which of the two kinds of pavement he would put down, and the contract is consequently void.

We do not concur in the views of counsel. Macadam pavement is not a distinct character or style of pavement known by that name and distinguished by it from simple macadam, but the word "proper" was used to distinguish ordinary or common macadam from Telford or other style macadam. And therefore when it was provided in the ordinance and contract that the carriageway should be improved with macadam pavement, it was meant that it should be common or ordinary, i. e., macadam proper, and the contractor was bound to make that kind of pavement, and when, in the petition, macadam pavement is mentioned, the same kind of pavement must be understood to be referred to.

No mention is made in the answer of any failure to make crossings, or to do anything else required by the ordinance and contract. The whole effort seems to have been to make complaint, not that the work had not been done, but that the material used was not such as the ordinance and contract required.

It was not alleged in the petition that the ground contiguous to Bank street had not been defined into squares, but that defect, if it was such, was caused by the answer in which the omitted fact was distinctly alleged.

Although the act amending the charter does not in terms give a lien, said act is not to be considered by itself, but in connection with the whole charter, made up of the original and all the amendments thereto, and if the appellees were entitled to recover the price of the work they have a lien on the lots assessed.

That the ordinance required the assessment to be made on the north side of the street to the depth of 315 feet, while it only extended 210 feet on the south side, would, nothing else appearing, be ground for reversal and a correction of the apportionment. But it appears that Portland avenue lies north of Bank street at a distance of 630 feet, and runs parallel with it, that there is no intermediate street, and that the southern boundary of the city is at a distance of 210 feet on the south. These facts bring this case within the rule announced in *Preston v. Roberts.*

We incline to the opinion that the intersections are to be paid for by the owners of property within the district subject to assessment, but, whether this be so or not, the answer presented no issue as to the correctness of the assessment, and we need not pass upon the question; and the same may be said in response to the objection taken in argument, only that crossings were not made in accordance with the ordinance and contract.

These conclusions render the discussion of other questions made in argument unnecessary.

Judgment *affirmed.*

*C. H. Hudson, R. J. Elliott, for appellant.*

*William Mix, for appellees.*